John J. Hebert (#010633)
Mark W. Roth (#010708)
Philip R. Rudd (#014026)
**POLSINELLI SHUGHART PC**
CityScape Plaza
One E. Washington Street, Suite 1200
Phoenix, AZ  85004
Telephone: (602) 650-2000
Facsimile: (602) 264-7033
Email:  PhoenixBankruptcyECF@polsinelli.com
Email:  jhebert@polsinelli.com
Email: mroth@polsinelli.com
Email: prudd@polsinelli.com
Email: mmartin@polsinelli.com
*Attorneys for Debtors*

# IN THE UNITED STATES BANKRUPTCY COURT

# THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>94TH AND SHEA, LLC,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:10-bk-37387-SSC<br><br>**EMERGENCY MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL** |

94TH AND SHEA, LLC, the debtor and debtor-in-possession herein ("Debtor"), by and through undersigned counsel, pursuant to 11 U.S.C. §363(c) and Rules 4001(b) and 9014, Federal Rules of Bankruptcy Procedure, hereby requests that the Court enter its order authorizing the Debtor to use rents and other income generated by the Debtor's property to pay for the Debtor's ordinary and necessary operating and reorganization expenses as set forth in the proposed budget attached hereto as Exhibit "A" (the "Budget"). Additionally, the Debtor requests that the Court enter an order that permits the Debtor to use insurance proceeds it will be receiving within the next 30 days to make the necessary repairs of roof damage that was caused by a recent hail storm. The Debtor requests that the court enter an order compelling the Debtor's secured creditor to endorse the insurance check over to the Debtor to allow the Debtor to pay for the necessary repairs. In support of this "Motion for Authorization to Use Cash Collateral" ("Cash Collateral Motion"), the Debtor states as follows:

2746973.1

1

## JURISDICTION AND VENUE

This Court has jurisdiction over this case pursuant to 28 U.S.C. §1334. The subject matter of this motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper under 28 U.S.C. § 1408.

## FACTUAL BACKGROUND

1. The Debtor is an Arizona limited liability company authorized to do and doing business in the State of Arizona.

2. The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, on November 19, 2010 (the "Petition Date").

3. The Debtor is operating its business and managing its assets as a debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.[1]

4. The Debtor owns and operates that certain real property known as The Shops And Office at 9400 Shea, located at 9325, 9343, 9375, and 9397 East Shea Boulevard in Scottsdale, Arizona (the "Property"). The Property consists of 37,037 square feet of retail space and 35,238 square feet of office space. The retail space has 23,238 square feet occupied. The office space has 35,238 square feet occupied. The total occupancy for both office and retail is 81%.

5. The Property is managed by Nobeus Property Management, Inc. an Arizona Corporation who has been in business for over 20 years and has operated as a court appointed receiver in the past. They are a well-respected, manager of commercial real properties throughout the Valley.

6. JPMCC 2007-CIBC19 Shea Boulevard, LLC ("Lender"), has asserted a claim against the Debtor, allegedly secured by the Property, in the amount of approximately $21 million.

7. Lender has noticed a trustee's sale with respect to the Property for January 6, 2011. Despite the Debtor's best efforts to negotiate a resolution of Lender's asserted claims against the Debtor, the Debtor was unable to reach an agreement with Lender and filed its voluntary petition for relief on the Petition Date in order to reorganize and restructure its debts and liabilities for the

---

[1] Unless otherwise indicated, all references to code sections herein shall be to the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

2

2746973.1

benefit of all parties-in-interest.

8. In order to continue operating and maintaining the Property during the pendency of this Chapter 11 case for the benefit of all creditors and parties-in-interest, it is necessary for the Debtor to use the rental and other income from the Property to pay for the ordinary and necessary operating and reorganization expenses of the Property and the Debtor.

9. The Debtor's projected income and expenses for the next seventy two (72) days (*i.e.*, through January 2011) are identified in the Budget that is attached hereto as Exhibit "A."

10. As reflected in the Budget, the Debtor's income includes base rental income from tenants of the Property and common area maintenance reimbursement income (collectively, the "Income").

11. Also as reflected in the Budget, the Debtor's expenses include utility expenses, maintenance and repair expenses, janitorial expenses, ordinary and customary property management fees (collectively, the "Expenses").

12. Upon information and belief, Lender asserts a lien in the rental and other income generated by the Property, and that such income constitutes its "cash collateral" as defined in 11 U.S.C. §363. The Debtor has not had sufficient time to determine the validity, priority, enforceability, and/or extent of Lender's asserted lien. Accordingly, the Debtor reserves all rights with respect thereto.

13. The Debtor proposes to use the Income to pay the Expenses in accordance with the Budget, with a ten percent (10%) variance of the total Budget.

14. It is crucial for the Debtor to have the use of the Income to operate, maintain and preserve the Property in order to, among other things, (a) maintain tenant relations and comply with its obligations as a landlord to the Property's tenants, (b) continue marketing the Property to prospective tenants in order to improve the Property's cash flow, and (c) preserve the going concern value of the Property while the Debtor formulates and implements a plan of reorganization.

15. The Debtor believes that its business operations and reorganization efforts will suffer immediate and irreparable harm if it is not allowed to use the Income to pay the Expenses. Indeed, the value of the Property will decline if the Expenses are not paid.

3

2746973.1

16. To the extent that the Property generates Income in excess of the Expenses, as the Budget reflects, the Debtor will hold and sequester such excess Income, subject to whatever rights Lender has in the Income pursuant to its lien.

17. Lastly, on October 5, 2010, the Debtor's flat roofs were severely damaged by a hail storm. Most of the Debtor's HVAC systems had significant coil damage. The tops of parapet walls were seriously damaged and crushed by hail as well as all architectural popouts and the south space of all vertical walls . As a result of the damage the Debtor obtained bids to repair the damage and filed a claim with its property insurer, Farmers Insurance Company. The bids obtained by the debtor for the repairs were as follows:

$59,350.00 for roof repair.

$72,493.61 for HVAC repair

$59,973.00 for EIFS Repair

Bid Pending on Metal Roof/Canopies Repair

18. The Debtor is expecting a check from the insurance company which will be a joint check made out to the Debtor and the Lender. The Debtor requests an order that compels the Lender to endorse the check over to the Debtor, and permission for the Debtor to use the insurance proceeds, to make the necessary repairs in accordance with the bids obtained by the Debtor.

## **LEGAL ANALYSIS**

Pursuant to 11 U.S.C. §363(c)(2), the Debtor may use cash collateral if the entity holding an interest in such cash collateral consents or, if after notice and a hearing, the Court authorizes its use. Where an entity objects to the use of cash collateral, the Court still may permit its use by the Debtor upon a showing that the rights of the objecting party are adequately protected. 11 U.S.C. §363(e); See Collier on Bankruptcy §363.04, 15th Ed., 1989.

Section 361 of the Bankruptcy Code specifies three means of proving adequate protection; however, as indicated in the legislative history to that section, such means are "neither exclusive nor exhaustive." Generally, the "interest in property sought to be protected under Code § 361 is the value of the secured creditor's collateral during the interim period between the filing of the petition

2746973.1

and confirmation of a plan of reorganization, or dismissal of the case." *In re 499 W. Warren Street Associates, Ltd. Partnership*, 142 B.R. 53, 57 (Bankr. N.D.N.Y. 1992) (citation omitted).

Thus, courts have consistently found that a debtor's use of cash collateral to pay the reasonable and necessary operating expenses of the debtor's property, by itself, satisfies the "adequate protection" requirement of § 363(c)(2). *See e.g. In re R&G Properties, Inc.*, 2009 WL 2043875 at *6 (Bankr. D. Vermont 2009) (and cases cited therein); *In re Princeton Square Associates, L.P.*, 201 B.R. 90, 96 (Bank S.D.N.Y. 1996) ("The use of rents by a debtor in possession to maintain the property to the same extent that receiver of rents would use the rents does no economic harm to the lender … Adequate protection is required for the 'use' of the secured creditor's collateral. In the context of rents, this court concludes that no monetary protection is required to be provided by the debtor in possession to the secured creditor to the extent that the rents are applied for the maintenance of the property in the manner a receiver would apply the rents."); *499 W. Warren Street Associates,* 142 B.R. at 56-57 ("Under appropriate circumstances, use of a portion of the rental income to pay the reasonable and necessary operating expenses of the property satisfies [the adequate protection requirement].").

The Debtor's proposed use of cash collateral will not endanger the value of Property claimed as collateral by the Lender. In fact, maintenance of the Property would only serve to protect the value of the property, and as a result, the Lender's asserted interest. Therefore, the Lender is adequately protected and the Debtor should be permitted to use of the cash collateral from the Property to pay the expenses associated with maintaining, preserving and improving the Property.

Based on the foregoing, the Debtor respectfully requests that the Court enter its order authorizing the Debtor to use the Income to pay the Expenses in accordance with the Budget, with a ten percent (10%) variance, for the next seventy-two (60) days with the right to seek additional use of the Income after the expiration of such period. The Debtor requests that the court enter an order compelling the Debtor's secured creditor to endorse the insurance check over to the Debtor to allow the Debtor to pay for the necessary repairs.

5

2746973.1

RESPECTFULLY SUBMITTED: November 19, 2010.

          POLSINELLI SHUGHART PC

By: /s/ Mark Roth
    John J. Hebert
    Mark W. Roth
    Philip R. Rudd
    CityScape Plaza
    One E. Washington, Suite 1200
    Phoenix, AZ 85004

*Attorneys for the Debtor*

**COPY** of the foregoing mailed (or served via electronic notification if indicated by an "*") on November 19, 2010, to:

U.S. TRUSTEE'S OFFICE
* USTpRegion14.px.ecf@usdoj.gov
230 N. 1st Avenue, Suite 204
Phoenix, AZ 85003

JON SAFFER
Snell & Wilmer LLP
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004
   *Attorneys for JPMCC 2007-CIBC19 Shea Boulevard, LLC*

List of Twenty Largest Unsecured Creditors attached hereto

By:   */s/ Mary Engel*

Caviness Construction, Inc.
12633 North Cave Creek Road
No. 3
Phoenix, AZ 85022

Cindy Hammond
Churchill Commercial Capital
1811 North Tatum Blvd., #3083
Phoenix, AZ 85028

CJS Enterprises, LLC
22023 N. 20th Ave.
Suite B
Phoenix, AZ 85027

Division Nine Contracting, Inc.
4047 E. Superior Avenue
Phoenix, AZ 85040-1750

E Staff
1803 North Palm Drive
Tempe, AZ 85281

Freedom Glass
3625 E. Atlanta Avenue
Suite 1
Phoenix, AZ 85040-2917

Gallagher & Kennedy PA
2575 East Camelback Road
Phoenix, AZ 85016

Hunter Engineering
10450 N. 74th Street
Suite 200
Scottsdale, AZ 85258

Lake & Cobb
1095 W. Rio Salado Parkway
Suite 206
Tempe, AZ 85281

Levrose Real Estaet
4414 N. Civic Center Plaza
Suite 100
Scottsdale, AZ 85251

McCormick Ranch POA, Inc.
9248 N. 94th St.
Scottsdale, AZ 85258

Michael P. Leary
10278 E. Hillary Drive
Scottsdale, AZ 85255-8906

PHArchitecture
15849 N. 71st Street
Scottsdale, AZ 85254

Randall Cohen, MD
9325 E. Shea Boulevard
Bldg. A
Scottsdale, AZ 85260

S&H Steel
620 West Commerce Avenue
Gilbert, AZ 85233-4300

S&S Paving
3401 E. Illini St.
Phoenix, AZ 85040

Speedy Gonzales Construction
6802 W. Frier Dr.
Glendale, AZ 85303-1333

Stoops, Denious, Wilson & Murray
350 E. Virginia Ave.
Phoenix, AZ 85004

Summit Tax Consulting
10278 E. Hillery Dr.
Scottsdale, AZ 85255

Wye Electric
1950 W. Rose Garden Lane
Phoenix, AZ 85027-2748