Robert R. Kinas (#011560)
Jonathan M. Saffer (#022004)
SNELL & WILMER L.L.P.
One South Church Avenue
Suite 1500
Tucson, AZ 85701-1630
Telephone: (520) 882-1200
Facsimile: (520) 884-1294
Email: rkinas@swlaw.com
jmsaffer@swlaw.com
Attorneys for JPMCC 2007-CIBC19 Shea Boulevard, LLC

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>94TH AND SHEA, L.L.C.,<br><br>Debtor. | Chapter 11 Proceeding<br><br>Case No. 2:10-BK-37387-SSC<br><br>**NOTICE OF NONCONSENT TO USE OF CASH COLLATERAL** |

JPMCC 2007-CIBC19 Shea Boulevard, LLC ("JPMCC"), secured creditor and party in interest, by and through undersigned counsel, hereby gives notice to the debtor, 94th and Shea, L.L.C. ("94th and Shea" or "Debtor"), and any other parties in interest, of JPMCC's nonconsent to use of its cash collateral pursuant to §§ 363(c)(2) and 552(b) of the Bankruptcy Code.

JPMCC bases its nonconsent to use of cash collateral pursuant to § 363(c)(2) on the following:

**The Loan Documents**

1. On or about May 17, 2007, 94th and Shea executed a "Promissory Note" (the "Note") in favor of Canadian Imperial Bank of Commerce, New York Agency ("Original Lender") through which 94th and Shea promised to pay Original Lender or its "heirs, executors, legal representatives, successors, successors in title, and assigns" the amount of $21,000,000.00, together with interest and other amounts as set forth therein (the "Loan"), a true and correct copy of which is attached hereto as Exhibit A and

12241745.1

incorporated herein by this reference (as amended, modified, or supplemented, the "Note").

2. On or about May 17, 2007, 94th and Shea, as "Grantor," executed the Deed of Trust for the benefit of Original Lender to secure, among other things, payment of all of the indebtedness and performance of the obligations in connection with the Note and related loan documents. The Deed of Trust relates to certain real and personal property described more specifically therein as the "Property" (hereinafter, the "Property") which relates to a commercial, entertainment, and retail center located at 9400 East Shea Boulevard, Scottsdale, Arizona 85260. In particular, the Property conveyed in the Deed of Trust includes, without limitation, 94th and Shea's interest in the "Real Estate" as defined in the Deed of Trust and on the real property described in Exhibit A attached thereto, all "Improvements" related thereto, all "furniture, furnishings, fixtures, goods, equipment, inventory or personal property owned by Borrower" related to thereto, all easements and other property rights as defined therein, contract rights, all cash funds, deposit accounts and rights to cash defined as "Reserves" therein, the "Leases" and "Rents and Profits" from "Real Estate" or "Improvements" as defined therein, all "General Intangibles," and any and all other rights and interests related to the Property as more specifically defined in the Deed of Trust (the "Collateral"). A true and correct copy of the Deed of Trust is attached hereto as <u>Exhibit B</u> and incorporated herein by this reference.

3. On or about May 17, 2007, 94th and Shea, as assignor, executed an "Assignment of Leases and Rents" (the "Assignment of L&R") which "irrevocably, absolutely and unconditionally" assigned to Original Lender all of the current and future "Leases" and "Rents," as defined therein, related to the Property. The Assignment of L&R was recorded with the Maricopa County Recorder on May 18, 2007, and rerecorded to correct the legal description of Parcel No. 2 on September 7, 2007. A true and correct copy of the recorded Assignment of L&R is attached hereto as <u>Exhibit C</u> and incorporated herein by this reference.

4. Original Lender and subsequent assignees perfected their security interest in

12241745.1

- 2 -

the Collateral by, among other things, recording a UCC-1 Financing Statement with the Arizona Secretary of State and the Maricopa County Recorder. True and correct copies of UCC Financing Statements and amendments thereto (the "Financing Statements") are attached hereto as <u>Exhibit D</u> and incorporated herein by this reference. The Note, Deed of Trust, Assignment of L&R, Financing Statements, and other documents identified therein as loan documents are hereinafter collectively referred to as the "Loan Documents."

**Assignment of the Loan Documents**

5. In accordance with Section 5.29 of the Deed of Trust, 94th and Shea acknowledged and agreed that the Loan would be subject to possible transfers and/or secondary market transactions.

6. On or about April 7, 2010, Original Lender assigned all "right, title, and interest, of any kind whatsoever, in and to the subject note(s) and loan documents," including the Deed of Trust and the Assignment of L&R to CIBC, Inc. On or about May 6, 2010, an "Assignment of Deed of Trust, Assignment of Leases and Rents and Security Agreement and Assignment of Assignment of Leases and Rents" (the "CIBC Assignment") was recorded with the Maricopa County Recorder. A true and correct copy of the recorded CIBC Assignment is attached hereto as <u>Exhibit E</u> and incorporated herein by this reference.

7. On April 7, 2010, CIBC, Inc. assigned all "right, title, and interest, of any kind whatsoever, in and to the subject note(s) and loan documents," including the Deed of Trust and the Assignment of L&R to Bank of America, N.A., as successor in interest to LaSalle Bank N.A., as trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-CIBC19, Commercial Mortgage Pass Through Certificates, Series 2007CIBC19 ("Trustee Bank of America"). On May 6, 2010, an "Assignment of Deed of Trust, Assignment of Leases and Rents and Security Agreement" and an "Assignment of Assignment of Leases and Rents" (collectively, the "Bank of America Assignment") was recorded with the Maricopa County Recorder. A true and correct copy of the recorded Bank of America Assignment is attached hereto as <u>Exhibit F</u>

1  and incorporated herein by this reference.

2  8. JPMCC is a subsequent assignee and current holder of the Loan Documents. True and correct copies of the recorded "Assignment of Deed of Trust, Assignment of Leases and Rents and Security Agreement and Other Loan Documents" and an "Assignment of Assignment of Leases and Rents" to JPMCC, are attached hereto as Exhibit G and incorporated herein by this reference.

**Defaults Under the Loan Documents**

9. There are several mechanic's liens that have been filed related to the Property.

10. There are currently several separate lawsuits pending against Debtor in the Maricopa County Superior Court related to the Property arising from the mechanic's liens filed on the Property, and certain cases were filed by tenants of the Property, or their respective assignee, or various contractors and subcontractors that performed work on the Property, and relate to the rights and obligations of 94th and Shea under the leases on the Property.

11. Specifically, the following lawsuits have been filed and certain claims are pending involving the Property; (i) *Hernandez Cos., Inc. v. The Charles Morgan Group*, CV2008-024259 (the "Hernandez Litigation"); (ii) *Executive Flooring Sys., Inc. v. The Charles Morgan Group*, CV2008-029670 (the "Executive Flooring Litigation"); (iii) *CJS Enterprises LLC v. 94th and Shea, LLC*, CV2008-030931 (the "CJS Litigation"); (iv) *S&H Steel Co., Inc. v. 94th and Shea, LLC*, CV2009-016231 (the "S&H Litigation"); (v) *TK Interior Construction Co. v. 94th and Shea, LLC*, CV2009-016423 (the "TK Interior Litigation"); (vi) *Bluescope Buildings N. Am., Inc. v. Gort Metals Corp., et al.*, CV2009-025765 (the "Bluescope Litigation"); (vii) *DV Acquisitions LLC v. 94th and Shea, LLC*, CV2009-026685 (the "DV Litigation"); (viii) *Giant Electric Corp. v. 94th and Shea, LLC*, CV2009-033525 (the "Giant Electric Litigation"); (ix) *Northwest Floor & Wall Co. v. 94th and Shea, LLC*, CV2009-035919 (the "Northwest Floor Litigation"); (x) *S&S Paving & Const., Inc. v. 94th and Shea, LLC*, CV2009-054824 (the "S&S Litigation"); (xi)

12241745.1

- 4 -

1 *Caviness Construction Co. v. 94th and Shea, LLC*, CV2009-036370 (the "Caviness Litigation"); (xii) *RGN Midwest VII, LLC v. 94th and Shea, LLC*, CV2009-036376 (the "Regus Litigation"); and (xiii) *Freedom Glass LLC v. 94th and Shea, LLC*, CV2009-092005 (the "Freedom Glass Litigation") (collectively, the "Lien Litigation").

12. On or about October 23, 2009, JPMCC provided written notice provided to 94th and Shea that the filing of mechanic's liens and institution of litigation by said lien claimants violated the terms of the Deed of Trust and constituted and "Event of Default." In addition, on or about October 15, 2010, JPMCC sent written notice to 94th and Shea of its ongoing monetary default and expressly demanded turnover of all rents from the Property. True and correct copies of such notices are attached hereto as Exhibit H and incorporated herein by reference.

13. As a result of Debtor's default and in accordance with its rights under the terms of the Deed of Trust, in its October 23, 2009 notice, JPMCC accelerated the loan and Debtor's secured obligation is presently due and payable.

14. Since October 23, 2009, Debtor has failed to pay all amounts due and owing under the terms of the Loan Documents. Among other payment defaults, Debtor has not made any payments whatsoever since June 2010.

15. Under the Loan Documents, Debtor was obligated to pay taxes associated with the Property. Debtor has failed and refused to satisfy its tax obligations related to the Property. As a result of such failures, JPMCC has had to make payments to satisfy the outstanding tax obligations related to the Property and may be required to make additional payments in the future.

16. As of November 19, 2010, Debtor remains in payment default under the terms of the Note for its failure to pay principal, late fees, insurance, taxes, and accrued and accruing interest. Additional fees, costs, and interest continue to accrue under the terms of the Loan Documents.

17. To date, Debtor has failed to turnover any rents or leases to JPMCC related to the Property.

12241745.1

- 5 -

18. To date, Debtor has failed and continues to fail to pay the amounts due and owing to JPMCC and is otherwise in breach of the terms of the Loan Documents.

19. Debtor has executed a lease agreement with 94 Hundred Corporate Center LLC, which is owned and operated by insiders of the Debtor pertaining to the Property. A true and correct of such "Lease Agreement" (the "Related Party Lease") attached hereto as <u>Exhibit I</u> and incorporated herein by reference.

20. Pursuant to Sections 1.10(a) and (d) of the Deed of Trust, JPMCC's consent is required for the Related Party Lease. JPMCC has not provided consent for the Related Party Lease.

21. JPMCC is currently unaware of whether the Related Party Lease is in effect or whether any party to the Related Party Lease has entered into any agreements with any third parties as a result thereof.

22. Debtor is currently receiving monies from third parties related to Debtor's possession, use, or control of the Property identified in the Related Party Lease.

23. Despite demand, no payment has been made under the Loan Documents and the outstanding indebtedness remains due and owing and the outstanding defaults under the Loan Documents have not been cured.

**Post-Default Events and Bankruptcy Filing**

24. On November 19, 2010 (the "Petition Date"), Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code.

25. Prior to the Petition Date, JPMCC had filed a complaint and application for the appointment of a receiver in the Maricopa County Superior Court. Based on Debtor's bankruptcy filing, JPMCC will not seek the appointment of a receiver in the state-court action while this case is pending.

26. JPMCC's basis for seeking the appointment of a receiver was two-fold. First, several mechanic's liens and lawsuits related to the mechanic's liens have been filed against the Property. To date, Debtor has failed to remove the mechanic's liens or otherwise satisfy the liens against the Property. Second, Debtor and/or 94 Hundred

12241745.1

Corporate Center LLC continue to operate the Property as a mixed-use commercial, entertainment, and retail center without any payment to JPMCC of the amounts due under the Loan Documents. Debtor is either collecting monthly rents from 94 Hundred Corporate Center and the other tenants or is allowing 94 Hundred Corporate Center to operate the Property without requiring payment of rent.

27. Pursuant to, among other things, the Deed of Trust and the Security Agreement, JPMCC possesses a valid, perfected, and enforceable first priority security interest in and to, among other things, the Property and the Collateral.

28. In particular, the rents, deposits, profits, damages royalties, and ALL income related to the Property constitute JPMCC's cash collateral pursuant to 11 U.S.C. § 363.

29. JPMCC HAS NOT consented to Debtor's use of any cash collateral. Nor has Debtor sought permission from JPMCC to use its cash collateral.

30. Debtor has not provided, or offered, adequate protection payments to JPMCC, and JPMCC's interest in and to the Property and Collateral, including its cash collateral, is not adequately protected.

31. JPMCC hereby formally gives notice that it DOES NOT consent to the use of any portion of the Collateral that constitutes JPMCC's cash collateral.

RESPECTFULLY SUBMITTED this 23rd day of November, 2010.

SNELL & WILMER

By /s/ Jonathan M. Saffer (#022004)
Robert R. Kinas
Jonathan M. Saffer
One South Church Street, Suite 1500
Tucson, AZ 85701-1294
Attorneys for
JPMCC 2007-CIBC19 Shea Boulevard, LLC

12241745.1

Copy of the foregoing served electronically or mailed by United States Postal Service on November 23, 2010 to the following:

John J. Hebert
Mark W. Roth
Philip R. Rudd
POLSINELLI SHUGHART, P.C.
One East Washington Street, Suite 1200
Phoenix, AZ 85004
jhebert@polsinelli.com
mroth@polsinelli.com
prudd@polsinelli.com
Counsel for Debtor

U.S. Trustee
Office of the U.S. Trustee
230 N. First Avenue
Suite 204
Phoenix, AZ 85003

20 Largest Unsecured Creditors
(List attached hereto)


s/ Nicole Whitney

12241745.1

Caviness Construction, Inc.
12633 North Cave Creek Road
No. 3
Phoenix, AZ 85022

Division Nine Contracting, Inc.
4047 E. Superior Avenue
Phoenix, AZ 85040-1750

Gallagher & Kennedy PA
2575 East Camelback Road
Phoenix, AZ 85016

Levrose Real Estaet
4414 N. Civic Center Plaza
Suite 100
Scottsdale, AZ 85251

PHArchitecture
15849 N. 71st Street
Scottsdale, AZ 85254

S&S Paving
3401 E. Illini St.
Phoenix, AZ 85040

Summit Tax Consulting
10278 E. Hillery Dr.
Scottsdale, AZ 85255

Cindy Hammond
Churchill Commercial Capital
1811 North Tatum Blvd., #3083
Phoenix, AZ 85028

E Staff
1803 North Palm Drive
Tempe, AZ 85281

Hunter Engineering
10450 N. 74th Street
Suite 200
Scottsdale, AZ 85258

McCormick Ranch POA, Inc.
9248 N. 94th St.
Scottsdale, AZ 85258

Randall Cohen, MD
9325 E. Shea Boulevard
Bldg. A
Scottsdale, AZ 85260

Speedy Gonzales Construction
6802 W. Frier Dr.
Glendale, AZ 85303-1333

Wye Electric
1950 W. Rose Garden Lane
Phoenix, AZ 85027-2748

CJS Enterprises, LLC
22023 N. 20th Ave.
Suite B
Phoenix, AZ 85027

Freedom Glass
3625 E. Atlanta Avenue
Suite 1
Phoenix, AZ 85040-2917

Lake & Cobb
1095 W. Rio Salado Parkway
Suite 206
Tempe, AZ 85281

Michael P. Leary
10278 E. Hillary Drive
Scottsdale, AZ 85255-8906

S&H Steel
620 West Commerce Avenue
Gilbert, AZ 85233-4300

Stoops, Denious, Wilson & Murray
350 E. Virginia Ave.
Phoenix, AZ 85004